UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARIE SQUILLA,

          Plaintiff,   DECISION & ORDER

-vs-           17-CV-6493-CJS

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

APPEARANCES

For Plaintiff:        Steven Richard Dolson, Esq.
            The Law Offices of Steven R. Dolsen, PLLC
            126 N. Salina Street, Suite 3B
            Syracuse, NY 13202
            (315) 423-3328

For the Commissioner:    Peter William Jewett, Esq.
            Social Security Administration
            Office of General Counsel
            26 Federal Plaza, Room 3904
            New York, NY 10278
            (212) 264-2436

            Kathryn L. Smith, A.U.S.A.
            United States Attorney's Office
            100 State Street
            Rochester, NY 14614
            (585) 263-6760

INTRODUCTION

**Siragusa, J.** This Title II Social Security Act matter is before the Court on cross-motions pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 12(c) for judgment on the pleadings by plaintiff Marie Squilla ("Plaintiff") and the Commissioner of Social Security ("Commissioner").

For the reasons stated below, the Court reverses the ALJ's decision and remands the case for a new hearing.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act on February 12, 2014. She claimed disability as of January 1, 2009. The Social Security Administration denied her claim on April 15, 2014, and she requested and was granted a hearing before an Administrative Law Judge ("ALJ") on April 15, 2016. She appeared with a non-attorney representative and testified. The ALJ also heard testimony from a vocational expert. Certified Administrative Record ("R.") 10, Feb. 12, 2018, ECF No. 8.

The ALJ determined that through the date last insured, which was March 31, 2012, Plaintiff was not disabled, and she can perform light work with some limitations.[1] R. 14. Plaintiff appealed the decision to the Appeals Council, which, on June 20, 2017, denied her appeal. She filed the instant action on July 25, 2017, and the Court heard oral argument on the motions on October 4, 2018.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the ALJ's factual findings are unsupported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a

---

[1] "[T]he claimant is able to sit for up to six hours, and stand and/or walk for up to four hours. She requires a sit/stand option that allows her to change position every 60 minutes of sitting for up to five minutes; and after every 30 minutes of standing and/or walking for 5 minutes, without leaving the workstation. She cannot climb, balance on narrow, slippery, or moving surface; kneel, or crawl. She can occasionally stoop and crouch. She can tolerate occasional exposure to extreme heat, extreme cold, wetness, humidity, and airborne irritants. She requires up to three additional, short, less-than-5-minute, unscheduled breaks beyond normal scheduled breaks. She can interact with the public at DOT people function levels 7 (serving) and 8 (helping taking instruction), but cannot perform teamwork. She can work to meet daily goals, but not maintain an hourly, machine-driven, assembly line production rate." R. 14.

reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## ANALYSIS

Plaintiff argues that the ALJ substituted her own lay opinion for that of Gule-Rana Masood, MD, Plaintiff's treating physician, when making her RFC determination. Pl's Mem. of Law 4, Mar. 29, 2018, [ECF No. 9-2](ECF No. 9-2). Plaintiff refers to the ALJ's decision in which she wrote:

> On April 19, 2016, Gule-Rana Qadir-Masood, M.D, completed a medical source statement regarding the claimant (Ex. 7). The claimant has treated with Dr. Qadir-Masood for ten years. Dr. Qadir-Masood reported that the claimant has heart disease and depression. The doctor indicated that the claimant would be able to walk one city block before needing to rest or experiencing severe pain and would need a job that permitted her to shift positions at will. Dr. Qadir-Masood stated that, at one time, the claimant would be able to sit for two hours and stand for one hour. The doctor reported that, in an eight-hour workday, the claimant would only be able to stand/walk for less than two hours and sit for about two hours (Ex. 7F, p.2). Dr. Qadir-Masood stated that the claimant's impairments would likely produce "good days" and "bad days" and would likely miss about four days of work per month because of her impairments. Dr. Qadir-Masood indicated that, in a typical workday, the claimant's experience of pain or other symptoms would frequently be severe enough to interfere with attention and concentration needed to perform even simple work tasks (Ex. 7F, p.3). Dr. Qadir-Masood opined that the claimant would be capable of performing low stress jobs (Ex. 7F, P.2). The doctor did not give an opinion as to whether the claimant's limitations have existed and persisted since the date last insured (Ex. 7F, P.3)
>
> I accord less weight to the opinion of Dr. Qadir-Masood. Despite a treating relationship of ten years, the doctor was unable to state whether the claimant's impairments have persisted since the date last insured. Because the claimant's treating physician was unable to relate the claimant's impairments back to the date last insured, the opinion is entitled to less weight. Moreover, the opinion is not consistent with the generally favorable treatment notes, not supported by objective medical evidence, and is not consistent with the claimant's level of activity."

R. 16–17.

At oral argument, Plaintiff brought to the Court's attention for the first time an issue that arose during the ALJ's hearing on April 15, 2016. After the vocational expert testified, the ALJ and Plaintiff's representative engaged in a colloquy about a consultative examination:

> ATTY: [W]hat I would like to do is if you give me a week to work on this again.
>
> ALJ: Okay.
>
> ATTY: And then I'll let you know. And if not, you—a consultative examination isn't going to do anything for us. I think that a medical expert would be—
>
> ALJ: It's very hard to go back.
>
> ATTY: And, I mean, it would be better to review the file than a consultative examination.
>
> ALJ: Yeah. If I had more control over what the—yeah, okay. Let's do that. We'll do that, and then if I can't get a treating source statement, I'll send out interrogatories, and then you can see them. If we can do it—you know, if the interrogatories come back one way—if I can do a favorable decision, I'm going to go ahead and do it. *If I can't do a favorable, I'll give you the opportunity to have additional hearing*.

R. 62–63 (emphasis added). Although Plaintiff's request for a review of the hearing decision is in the record, R. 182, it is missing the "attached brief" referred to in part five of the form. The Court cannot determine whether the ALJ followed-through on her plan discussed above, or if Plaintiff raised that issue to the Appeals Council. The Record does not indicate that the ALJ offered Plaintiff an additional opportunity to be heard.

ALJ hearings must be "fundamentally fair." *See Richardson v. Perales*, 401 U.S. 389, 400-01 (1971) ("this administrative procedure, and these hearings, should be understandable to the layman claimant, should not necessarily be stiff and comfortable only for the trained attorney, and should be liberal and not strict in tone and operation. This is the obvious intent of Congress so long as the procedures are fundamentally fair."). The Court finds that in promising Plaintiff that "If I can't do a favorable, I'll give you the opportunity to have

additional hearing," the ALJ created an obligation for herself, which the Record does not show she fulfilled.

Thus, the failure to offer Plaintiff an additional hearing under the circumstances of this case make the procedure fundamentally unfair. *See Hess v. Secretary of Healt, Ed. and Welfare*, 497 F.2d 837, 841 (3d Cir. 1974) ("we note that although no definite commitment was made, the claimant may well have inferred that the latest records of the Geisinger Medical Center would be obtained before a decision would be handed down."). Accordingly, the Court reverses the Commissioner's decision and remands this case for a new hearing.

## CONCLUSION

For the foregoing reasons, the Court denies the Commissioner's application for judgment on the pleadings, ECF No. 11, and grants Plaintiff's motion, ECF No. 9, and remands the case for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk is directed to close the case.

DATED: November 7, 2018
       Rochester, New York

                                              /s/ Charles J. Siragusa
                                              CHARLES J. SIRAGUSA
                                              United States District Judge